## TAYLOR v. CAPEHART.

(Filed May 23, 1901.)

VENDOR AND PURCHASER—*Purchase-Money—Contract—Judgment Lien—Priority.*

> Where a person conveys property, reserving title in himself until payment, a judgment creditor of the purchaser has no lien on the land as against that of a claimant under the vendor.

ACTION by S. J. Taylor, executor of Babel Taylor, against A. Capehart, Minnie M. Capehart and Leroy Capehart, execu-

tors of W. J. Capehart and W. T. Capehart, heard by Judge
A. L. Coble and a jury, at Fall Term, 1900, of the Superior
Court of BERTIE County.   From a judgment for the plain-
tiff, the defendants appealed.

*Martin & Peebles,* for the plaintiff.
*Francis D. Winston,* and *Shepherd & Shepherd,* for the
defendants.

FURCHES, C. J.   On the first day of January, 1884, W. J.
Capehart and his son W. T. Capehart entered into a contract
of conditional sale, by the said W. J. Capehart to W. T.
Capehart, of a tract of land known as the "Urquahart farm,"
in Bertie County, containing 1,175 acres, and various articles
of personal property; for which the said W. T. Capehart exe-
cuted to the said W. J. Capehart ten several notes payable at
different periods thereafter, amounting to more than $10,000.
But the title to all this property, real and personal, was ex-
pressly reserved by the said W. J. until all said notes were
paid, and, upon default of payment of any one of said notes,
they were all to become due, and the said W. J. had the right
to sell the said land and personal property after ten days' ad-
vertisement, for cash, and to apply the proceeds of said sales
to the payment of said notes.   But if they were all paid,
then the said W. J. was to make and execute to said W. T.
Capehart a deed in fee simple to said land.
    Under this contract, which was, soon after its execution,
duly probated and registered, the said W. T. Capehart en-
tered upon and took possession of said land and personal prop-
erty, which he retained until the 2d day of January, 1888,
having in the meantime paid the two notes first falling due;
and on the said 2d day of January, 1888, the said W. T.
Capehart made and executed to the said W. J. Capehart the
following paper-writing:

"This is to certify that I have this day sold and surrendered to W. J. Capehart all my interest in the farm upon which I now reside, known as the Urquahart plantation, lying in Bertie County, adjoining the lands of S. A. Norfleet, J. M. Jenkins, Richard Jenkins and Hiram Harrell, and containing by estimation one thousand one hundred and seventy-five acres, more or less; also my interest in all personal property, to-wit, one ten-horse power Tanner engine and fixtures, one gin and fixtures, one cotton-press and fixtures, one wagon and all the horse-carts and wheels on hand, all the plantation tools and implements, all the cotton-seed from the crop of 1887, also all the corn and fodder on hand, and all household and kitchen furniture; and in consideration of the surrender of all the above-named property, the said W. J. Capehart agrees to surrender eight notes or bonds he holds against me, amounting in the aggregate to ten thousand seven hundred and fifty-two dollars and eighty-nine cents, said notes having been given by me to the said W. J. Capehart for the most of the property herein conveyed, some change having been made in some of the stock, etc. Given under my hand and seal, this 2d day of January, 1888.

"W. T. CAPEHART.   (Seal.)"

And the said W. J. at once entered upon and took possession of said land and property. But this instrument was not probated and registered until 1896; and it appears that in 1894 the said W. J. Capehart, claiming to act under the power of sale contained in the contract of the 1st of January, 1884, sold said land and personal property, which was bid off by the defendant Alanson Capehart and conveyed by him to his father W. J. Capehart.

On the 2d day of January, 1888, the plaintiff had an action pending in the Superior Court of Bertie County against W. T. Capehart, and on the 30th day of May, 1888, recov-

ered judgment for $4,702.08; and on this judgment this action is brought to hold the defendants, who are the executors of W. J. Capehart, liable for plaintiff's judgment, and to have it declared a lien on said land.

There were three issues submitted:

"1. Did W. J. Capehart go into the open and notorious adverse possession of the Urquahart farm under the paper dated January 2, 1888? And, if so, at what time? Answer: Yes; on January 2, 1888.

"2. Was the judgment mentioned in the pleadings duly docketed so as to create a lien to the claims of W. J. Capehart on the real property of W. T. Capehart situate in Bertie County? Answer: Yes.

"3. Is the lien of the said judgment barred by the Statute of Limitations? Answer: "No."

It was agreed that these issues were all questions of law arising upon the undisputed facts, and that the Court could direct the answer to each of them, which he did, as above shown. And upon these issues he entered judgment for the plaintiff, declaring it to be a *superior* lien on the Urquahart tract of land to the defendant's claim for the purchase-money. The defendants excepted and appealed.

We have examined the record with care to see if we could ascertain the reasoning upon which his Honor put his judgment in directing the finding on the second issue, but we have been unable to do so; nor do we find any law to sustain his decision.

It is true that the case is not free from some complication, owing to the fact that W. J. Capehart undertook in 1894 to sell this land and personal property under the powers contained in the original contract of 1884. And the fact that the paper, dated January 2, 1888, to W. J. Capehart by W. T. Capehart says, "This is to certify that I have this day sold and surrendered to W. J. Capehart all my interest in the

farm, and the personal property thereon—some of the personal property having been changed, and not being the same I bought of him"—this is claimed by plaintiff to be a sale, and not having been registered until the plaintiff got his judgment, was invalid under the act of 1895, chapter 147, and therefore his judgment was a lien. While defendants contend that it was not a sale, but a rescission of the contract of the 1st of January, 1884, and need not be registered.

It seems to us that it might be held to be a rescission of the contract of 1884 as to the land and a sale of the personal property on the farm, not conveyed to W. T. Capehart by that contract. But under the view we take of the case, it is not necessary to decide that question, and, as it is not directly presented, we do not do so, as there is manifest error whether that question be decided the one way or the other.

W. T. Capehart never had the legal title. At best, he had a right in equity to compel W. J. Capehart to convey the title to him upon his paying the purchase-money (the notes). The *title* to the land was in W. J. Capehart, and held by express agreement in the contract of the 1st of January, 1884, as security for the payment of the purchase-money (the notes). It is admitted that only two of them had been paid, leaving a balance of $8,000 or $10,000 unpaid. And how it is that the plaintiff can have a *superior lien* on this land over the defendant's debt for the purchase-money we are unable to see.

If the plaintiff's judgment is a lien at all (and that will depend upon the construction put on the paper executed the 2d of January, 1888), it is *inferior to the defendant's lien for the purchase-money.*

It will be seen that we have not discussed the effect (if any) of the attempted sale to W. J. Capehart in 1894, because it was not made a point in the case and not necessary to be considered—taking the view of the case we do. Neither do we discuss the question of fraud alleged in the complaint, because the case on appeal does not present this question.

